UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00798-SSS-BFM | Date | March 4, 2026 |
|---|---|---|---|
| Title | *Rohit Kumar v. Ernesto Santacruz Jr. et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PRELIMINARY INJUNCTION [DKT. NO. 12]**

Before the Court is Petitioner Rohit Kumar's Motion to Convert Temporary Restraining Order to Preliminary Injunction. [Dkt. No. 12, "Motion"]. Having considered the arguments, relevant legal authority, and record in this case, the Court **GRANTS** the Motion.

The Court had issued a Temporary Restraining Order on February 20, 2026, ordering Respondents to immediately release Petitioner and enjoining Respondents from re-detaining Petitioner without notice and a pre-detention hearing. [*See* Dkt. No. 8, "TRO"]. In their Opposition to Petitioner's Motion, Respondents only discuss the question of whether the case is now moot. [Dkt. No. 13, "Opp."]. Respondents do not otherwise attempt to show cause why a preliminary injunction should not issue. The Court thus finds that Respondents concede that—if the case is not moot—a preliminary injunction should issue.

Respondents argue that the Petition is moot because Petitioner has been released from custody and has therefore already obtained habeas relief. [Opp. at 2]. They contend that because the challenged detention has ended, there is no longer a live controversy and the Court lacks Article III jurisdiction to provide

further relief. [*Id.*]. Respondents further argue that Petitioner cannot rely on the possibility of future re-detention to avoid mootness because any such injury is speculative and insufficient to establish standing or irreparable harm. [*Id.* at 3]. They assert the Petition should be dismissed as moot and the request for injunctive relief denied. [*Id.* at 4]

Petitioner argues in his Reply that the case is not moot notwithstanding his release because Respondents' conduct falls within the voluntary cessation doctrine and the Court can still grant meaningful relief in the form of a preliminary injunction. [Dkt. No. 14, "Repl." at 2]. He contends that temporary release pursuant to the TRO does not eliminate jurisdiction and that the risk of re-detention under the same challenged framework is real rather than speculative. [*Id.*]. Petitioner further argues that Respondents have not provided assurances sufficient to meet the "stringent" mootness standard applicable to voluntary cessation and that the underlying dispute therefore remains live. [*Id.*]. He asserts the Court should deny the mootness argument, convert the TRO into a preliminary injunction, and adjudicate the habeas petition on the merits. [*Id.*].

A case becomes moot—and therefore no longer a "case" or "controversy" for purposes of Article III—when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 173 (2000). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This requires the "defendant to demonstrate that there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 345 U.S. 629, 632 (1953). This is a heavy burden. *Id.*

Here, Respondents have not disavowed their practices, have not adjusted their policies, and have not assured Petitioner that he is not subject to re-detention without notice or a pre-detention hearing. Petitioner's removal proceedings remain pending, and he is at risk of re-detention through the same manner he was re-detained on June 4, 2025 (e.g., at a regularly scheduled immigration-related appointment). This risk is imminent and will present itself again as soon as the

Court's TRO expires.  There are no subsequent events or other representations by Respondents here that make it clear that the "wrongful behavior could not reasonably be expected to recur." *Concentrated Phosphate Export*, 393 U.S. at 203.  Respondents have thus not met their stringent burden to show mootness.

As this Court has previously found that the *Winter* factors are met, [*see* TRO], the Court adopts the reasoning from its TRO in ruling on this request for preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 (9th Cir. 2001) (noting that the analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical").

For the reasons stated above, Petitioner's Motion is **GRANTED**.  [Dkt. No. 12].  Respondents are **ENJOINED AND RESTRAINED** from again detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that the circumstances have changed as to his danger to the community or a flight risk, and that no conditions other than his detention would be sufficient to prevent those harms.  Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing.  The Court directs the parties to present all subsequent matters relating to the underlying habeas petition to the Magistrate Judge.

**IT IS SO ORDERED.**